NORTHWEST INDIAN CEMETERY PROTECTIVE ASSOCIATION, a non-profit corporation; Jimmie James; Sam Jones; Lowana Brantner; Christopher H. Peters; Sierra Club, a non-profit corporation; The Wilderness Society, a non-profit corporation; California Trout, a non-profit corporation; Siskiyou Mountains Resource Council, an unincorporated association; Redwood Region Audubon Society, an unincorporated association; Northcoast Environmental Center, an unincorporated association; Northcoast Environmental Center, a non-profit corporation; Timothy McKay; and John Amodio; Plaintiffs,

v.

R. Max PETERSON, in his official capacity as Chief, United States Forest Service; John R. Block, in his official capacity as Secretary of the Department of Agriculture; United States Forest Service; and United States of America; Defendants.

STATE OF CALIFORNIA, Acting By and Through The NATIVE AMERICAN HERITAGE COMMISSION and The Resources Agency, Plaintiff,

v.

John R. BLOCK, in his official capacity as Secretary of the United States Department of Agriculture; R. Max Peterson, in his official capacity as Chief of the Forest Service of the United States Department of Agriculture; Zane G. Smith, Jr., in his official capacity as Regional Forester of the California Region of the Forest Service of the United States Department of Agriculture, Defendants.

Nos. C–82–4049 SAW, C–82–5943 SAW.

United States District Court,
N.D. California.

Dec. 17, 1982.

Julie E. McDonald, Michael R. Sherwood, Sierra Club Legal Defense Fund, San Francisco, Cal., Marilyn B. Miles, Michael S. Pfeffer, David J. Rapport, California Indian Legal Services, Eureka, Cal., George Deukmejian, Atty. Gen. of Cal., Robert H. Connett, Asst. Atty. Gen., Edna Walz, Deputy Atty. Gen., Sacramento, Cal., for plaintiffs.

Joseph Russoniello, U.S. Atty., Rodney H. Hamblin, Asst. U.S. Atty., Chief, Land & Resources Div., San Francisco, Cal., for defendants.

## ORDER DENYING MOTIONS FOR A PRELIMINARY INJUNCTION

WEIGEL, District Judge.

These two related suits challenge decisions by the United States Forest Service (1) to complete construction of the last six miles (Chimney Rock Section) of a paved road from Gasquet, California, to Orleans, California (the "G–O road")[1] and (2) to adopt a forest management plan which would permit the harvesting of timber in the "Blue Creek Unit" ("Blue Creek") of Six Rivers National Forest.

The complaints in the two suits allege virtually identical causes of action. The plaintiffs in both allege that the challenged decisions violate: (1) the First Amendment of the Constitution of the United States; (2) the American Indian Freedom of Religion Act of 1978, 42 U.S.C. § 1996; (3) the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq.; (4) the National Historic Preservation Act, 16 U.S.C. § 470 et seq.; (5) the Federal Water Quality Control Act, 33 U.S.C. § 1251 et seq.; as well as the Porter-Cologne Water Quality Control Act, Cal. Water Code § 13000 et seq.; (6) fishing and water rights reserved to American Indians on the Hoopa Valley Indian Reservation; (7) defendants' trust responsibility towards the rights of American Indians; (8) the Wilderness Act, 16 U.S.C. § 1131 et seq.; (9) the Administrative Procedure Act, 5 U.S.C. § 706; (10) the National Forest Management Act of 1976, 16 U.S.C. § 1600 et seq.; and (11) the Multiple Use, Sustained Yield Act, 16 U.S.C. §§ 528–31. Plaintiffs move for a preliminary injunction to prevent construction of the Chimney Rock Section of the G–O road.

Plaintiffs in *Northwest Indian Cemetery Protective Association, et al. v. Peterson, et al.,* C–82–4049 SAW, are seven non-profit corporations and unincorporated associations, Northwest Indian Cemetery Protective Association, Sierra Club, The Wilderness Society, California Trout, Siskiyou Mountains Resource Council, Redwood Region Audubon Society, and Northcoast Environmental Center, four individual plaintiffs of American Indian heritage (Jimmie James, Sam Jones, Lowana Brantner, and Christopher H. Peters), and two Sierra Club members (Timothy McKay and John Amadio). Defendants in that case are R. Max Peterson, Chief, U.S. Forest Service, and John R. Bock, Secretary of the Department of Agriculture. The State of California, acting through its Native American Heritage Commission and Resources Agency, is the sole plaintiff in *California v. Block, et al.,* C–82–5943 SAW. Defendants in this case are Secretary of Agriculture Block, Forest Service Chief Peterson, and Zane G. Smith, Jr., Regional Forester of the California Region of the Forest Service.

In order to obtain a preliminary injunction, plaintiffs must show either probable success on the merits and the possibility of irreparable injury or that serious questions regarding the merits are raised and the balance of hardships tips sharply in their favor. *Los Angeles Memorial Coliseum Commission v. National Football League,* 634 F.2d 1197, 1201 (9th Cir.1980).

---

1. Paving of the Chimney Rock Section would close an unpaved gap in the G–O road which runs for a total of some 75 miles. The G–O road travels through Six Rivers National Forest.

The Court has concluded, for reasons now to be stated, that the plaintiffs have not clearly met either of these standards and that the equities call for an early trial rather than now granting the motion for preliminary injunctive relief.

### 1. *Re First Amendment Claims.*

Plaintiffs contend that construction of the Chimney Rock Section will violate the rights of the Indian plaintiffs to practice their religion. Specifically, plaintiffs assert that the Chimney Rock area is sacred "high country" to the Yurok, Karok, and Tolowa Indians, who use the area for religious rites and for the training of "medicinal and spiritual practitioners who serve these [Indian] communities." The construction of the road, they argue, and the accompanying disruptive intrusions such as logging activity and increased road traffic, are "totally incompatible with the ritual uses of this sacred country." Plaintiffs submit numerous affidavits, as well as archeological and ethnographic studies commissioned by the Forest Service, to support their claim that this "sacred region" is at "the very core of Northwest [Indian] religious beliefs and practices."

■ The First Amendment, of course, protects unorthodox as well as orthodox religious belief and practice. *Thomas v. Review Bd. of the Indian Employment Security Div.,* 450 U.S. 707, 714, 101 S.Ct. 1425, 1430, 67 L.Ed.2d 624 (1981); *Teterud v. Burns,* 522 F.2d 357, 360 (8th Cir.1975). Furthermore, the fact that the asserted religious activity occurs on public land does not necessarily defeat plaintiffs' claim. *See Badoni v. Higginson,* 638 F.2d 172, 176 (10th Cir.1980); *Sequoyah v. Tennessee Valley Authority,* 620 F.2d 1159, 1164 (6th Cir. 1980). The government must manage its property in a manner that does not needlessly impair the ability of its citizens to exercise their religious freedom. *See Badoni, supra,* at 176, 179 (government must not deny exercise of First Amendment rights compatible with public use of public property).

■ The proposed completion of the G–O road does not, however, unlawfully burden the Indian plaintiffs' exercise of their religion. Although the government must allow them reasonable access to public lands in order to follow their religious practices, defendants are not obligated to control or limit public access to public lands in order to facilitate those practices. Thus, the use by a relatively few persons of public lands for religious purposes does not release the government from its statutory responsibility to manage such lands for the benefit of the public at large. *See Badoni, supra,* at 179; *Sequoyah, supra,* at 1164–65; *Crow v. Gullet,* 541 F.Supp. 785, 791–92 (D.S.D. 1982); *Hopi Indian Tribe v. Block,* 8 I.L.R. 3073, 3074–75 (D.D.C.1981). Since the proposed construction imposes no unlawful burden on the Indian plaintiffs' religious freedom, the Court need not determine whether defendants assert an "overriding interest." *See, e.g., Wisconsin v. Yoder,* 406 U.S. 205, 214, 92 S.Ct. 1526, 1532, 32 L.Ed.2d 15 (1972); *Badoni, supra,* at 176–77.

### 2. *Re American Indian Religious Freedom Act of 1978.*

■ Plaintiffs assert that the proposed completion of the G–O road violates their rights under the American Indian Religious Freedom Act of 1978, 42 U.S.C. § 1996. That Act requires federal agencies to "evaluate their policies and procedures with the aim of protecting Indian religious freedoms." *Hopi, supra,* at 3076. On the present record, it appears that defendants have complied with this mandate. They commissioned studies on Indian religious beliefs and practices. On the basis of those studies, they selected a route for the Chimney Rock Section which minimized the adverse visual and audible impact on Chimney Rock itself which some Indians consider a religious site and use for religious practices. *See* Final Environmental Impact Statement, Gasquet-Orleans Road (Chimney Rock Section) (March 1982), at 52–53. Hence, based on the record and the declarations submitted by both parties, defendants appear to have complied with the requirements of the Act.

### 3. Re National Environmental Policy Act.

■ Plaintiffs also claim that the Final Environmental Impact Statement ("EIS") evaluating the Chimney Rock Section of the G–O road was in violation of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq. Plaintiffs assert the EIS (1) inadequately discussed the impacts of the proposed road, and (2) inadequately discussed alternatives.

The appropriate standard for review of the adequacy of an EIS is well established in this circuit:

> Whether an EIS will be found in compliance with NEPA involves an evaluation of whether the discussion of environmental impacts "reasonably set[s] forth sufficient information to enable the decisionmaker to consider the environmental factors and make a reasoned decision."

Adler v. Lewis, 675 F.2d 1085, 1096 (9th Cir.1982) (citations omitted). Under this standard, plaintiffs' claim is unlikely to succeed on the merits. Defendants undertook extensive analysis of the geological, cultural, and religious impacts of the proposed road. The EIS they prepared includes appendices devoted exclusively to the geological considerations involved in construction (Appendix A) and to the cultural resources affected (Appendix K). Furthermore, defendants submit declarations of Forest Service personnel detailing the thorough investigations conducted in preparing the geological appendix and establishing the low incident of road failure due to landslides on existing portions of the G–O road. See Declaration of Richard L. Farrington; Declaration of Robert S. Black, ¶¶ 12–16. Although plaintiffs submit declarations of their own experts challenging the conclusions of the EIS, "disagreement among experts will not serve to invalidate an EIS." Life of the Land v. Brinegar, 485 F.2d 460, 472 (9th Cir.1973). Thus, the EIS, based upon the record now before the Court, appears adequately to consider the environmental impact of the proposed road.[2]

The EIS also appears adequately to consider alternatives to the proposed road. It analyzes ten different possible routes, as well as the option of not constructing the road. See EIS, at 67–71. Plaintiffs do not propose any alternatives neglected by the EIS, see Coalition For Canyon Preservation v. Bowers, 632 F.2d 774, 783–84 (9th Cir. 1980). They simply assert that the EIS treats the alternatives in a "biased" manner. The record now before the Court does not support the granting of a preliminary injunction on this claim.

### 4. Re National Historic Preservation Act.

■ Plaintiffs assert that defendants did not allow the Advisory Council on Historic Preservation ("ACHP") a "reasonable opportunity to comment" on the proposed road, thereby violating Section 106 of the National Historic Preservation Act, 16 U.S.C. § 470f. The present record does not support that claim.

Defendants received and considered the comments of the ACHP (Declaration of Kenneth L. Wilson, ¶¶ 10–14). They provided the ACHP with two reports on the effects of the proposed construction on cultural resources, an onsite inspection, and defendants held a Public Information Meeting at the ACHP's request. Id. Plaintiffs have not shown that the ACHP was denied a reasonable opportunity to comment nor that defendants dealt with the ACHP in bad faith. See Nashvillians Against I–440 v. Lewis, 524 F.Supp. 962, 979 (M.D.Tenn. 1981). The record now before the Court does not justify concluding that defendants have failed to comply with the National Historic Preservation Act.

### 5. Re Federal and State Water Pollution Statutes.

Plaintiffs contend that the proposed completion of the G–O road would degrade

---

**2.** Plaintiffs also claim that the EIS fails to consider the cumulative impact of the proposed road and the proposed forest management plan in violation of 40 C.F.R. § 1500.6(a) (1977). Assuming the EIS fails to do so, plaintiffs have not shown that as a matter of law this claim either is likely to succeed on the merits or raises "serious questions" concerning the merits.

water quality in the surrounding area in violation of the Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq.,* and the California Porter-Cologne Water Quality Control Act, Cal. Water Code § 13000 *et seq.*

Plaintiffs appear unlikely to succeed on the merits of this claim. Water quality degradation similar to that plaintiffs assert to be the likely consequence of completing the G–O road has not resulted from construction of the existing 69 mile paved portions of the G–O road. *See* Declaration of Christopher Knopp, ¶ 7. Furthermore, water quality degradation appears unlikely to result from the proposed construction because of the numerous measures provided for by defendants to control the erosive force of rainfall and surface runoff. *Id.*

6. *Re Reserved Fishing and Water Rights.*

■ Plaintiffs assert that construction of the Chimney Rock Section will violate the water and anadromous fishing rights reserved to the Indians when the federal government established the Hoopa Valley Indian Reservation. The adverse impact of the construction on water quality and fishing resources in Blue Creek, they argue, will deprive the Indians on the Hoopa Reservation of these rights.

Assuming that water and fishing rights were reserved to the Indians on the Hoopa Valley Indian Reservation when that reservation was created, to succeed on this claim plaintiffs must establish that the proposed construction "will proximately cause the fish habitat to be degraded such that the rearing or production potential of the fish will be impaired * * * *" *United States v. State of Washington,* 506 F.Supp. 187, 208 (W.D.Wash.1980). On the present record, plaintiffs have not satisfied this burden. The anadromous fish habitat (salmon and steelhead) on Blue Creek begins 7.5 miles downstream from the proposed crossing of the creek by the G–O road. Declaration of Jerry A. Barnes, ¶ 8. Such fish cannot travel further upstream than 7.5 miles from the road to spawn because of natural barriers, including a waterfall. *Id.* Further-

more, because only a small proportion of the proposed road will be in close proximity to streams, even if landslides occur along the road, it appears unlikely that they would affect the anadromous fish habitat miles downstream. *Id.* ¶¶ 9–15.

7. *Re Defendants' Trust Responsibility.*

■ Plaintiffs also assert that the harmful impact of the proposed construction on Indian water and fishing rights is a breach of defendants' duty to protect those rights as trustees of the Indians affected by the proposed construction. Officials of the United States are charged with the duties of a trustee when dealing with American Indians. *See e.g., Pyramid Lake Painte Tribe v. Morton,* 354 F.Supp. 252, 256 (D.D.C.1973).

This trust will be violated only if completion of the proposed road will adversely affect the Indians' water and fishing rights. For the reasons already stated, plaintiffs have not made such a showing on the present record. *See* Declaration of Christopher Knopp, *supra;* Declaration of Jerry A. Barnes, *supra.*

8. *Re Wilderness Act.*

■ Plaintiffs allege that defendants, in violation of the Wilderness Act (16 U.S.C. § 1132(b)), failed to consider the wilderness value of the Blue Creek Unit as part of a larger potential wilderness area including roadless and undeveloped lands contiguous to Blue Creek. Section 1132(b) provides that "[t]he Secretary of Agriculture shall * * * review * * * for preservation as wilderness, each area in the national forests classified * * * as 'primitive' and report his findings to the President." Plaintiffs contend that "area" within the meaning of this section means the total contiguous, undeveloped area of which Blue Creek is one part, rather than the Blue Creek Unit alone.

Plaintiffs do not appear likely to prevail on this claim at trial. Completion of the final six mile segment of the G–O road would not sever Blue Creek from other proposed wilderness areas since the existing paved sections of the G–O road already

separate Blue Creek from these areas. Hence, defendants need not have considered Blue Creek as part of a larger undeveloped area when complying with the requirements of the Wilderness Act.

### 9. *Re Administrative Procedure Act.*

█ Plaintiffs allege that defendants violated the standards governing administrative agency actions contained in the Administrative Procedure Act, 5 U.S.C. § 706(2). The Court finds no such violation on the present record.

The "arbitrary and capricious" standard of review is a narrow one. *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971). If agency action was based on a consideration of the relevant factors, then it must be upheld under this standard. *Id.*

█ Nothing in the record indicates that defendants based their decision to complete construction of the G–O road on anything other than the merits of the case. On the contrary, defendants have gone to great lengths to gather information on Indian religious beliefs and practices, and selected a route for the road that has less adverse impact on those practices than did several proposed alternatives. In sum, plaintiffs have not now made a showing of bias or prejudice sufficient to justify issuance of a preliminary injunction on the basis of alleged violation of the Administrative Procedure Act.

### 10. *Re Additional Claims.*

Plaintiffs also assert in their complaints that defendants have violated the National Forest Management Act, 16 U.S.C. §§ 1600–14, and the Multiple Use, Sustained Yield Act, 16 U.S.C. § 528–31. However, they do not argue that these claims support their motions for a preliminary injunction.

Accordingly,

IT IS HEREBY ORDERED that the motions of plaintiffs in the above-captioned actions for a preliminary injunction are denied.