Frank Fools CROW, Arvol Looking Horse, Pete Catches, Grover Horned Antelope, Larry Red Shirt, Selo Black Crow, and Francine Nelson, for Themselves and on behalf of the Lakota Nation and Persons Practicing the Lakota Religion, and Bill Red Hat, Jr., Terry Wilson, Laird Cometsevah, Walter Hamilton, The Southern Cheyenne Research and Human Development Association, Inc., for Themselves and on behalf of the Tsistsistas Nation and Persons Practicing the Tsistsistas Religion, Appellants,

v.

Tony GULLET, in his Official Capacity as Park Manager of Bear Butte State Park, The South Dakota State Game, Fish and Parks, and The State of South Dakota, Appellees.

No. 82–1852.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 17, 1983.

Decided May 10, 1983.

Rehearing and Rehearing en banc Denied June 14, 1983.

---

Mark V. Meierhenry, Atty. Gen., Mikal Hanson, Asst. Atty. Gen., Pierre, S.D., for appellees.

Mario Gonzalez, Pine Ridge, S.D., Russel L. Barsh, Seattle, Wash., for appellants.

Before LAY, Chief Judge, and BRIGHT and ROSS, Circuit Judges.

1. U.S. Const.Amend. 1.

**PER CURIAM.**

Plaintiffs-appellants, spiritual leaders and religious practitioners of the Lakota and Tsistsistas Nations, brought a class action suit against defendants-appellees, the Manager of the Bear Butte State Park, the South Dakota Fish and Parks Department, and the State of South Dakota. Appellants sought declaratory and injunctive relief, as well as damages under 42 U.S.C. § 1983 (1976) on the grounds the appellees' actions in developing and regulating public use of Bear Butte State Park violated appellants' religious free exercise rights under the first amendment,[1] the American Indian Religious Freedoms Act (42 U.S.C. § 1996 (Supp.1979)), Article 18 of the Universal Declaration of Human Rights, and Article 18 of the International Covenant on Civil and Political Rights. District court jurisdiction was based on 28 U.S.C. §§ 1331, 1343(3) & (4) (1976).

Bear Butte, a geological formation on the eastern edge of the Black Hills in South Dakota, was acquired by the state in 1962 and designated as a state park. The Butte is an important religious site for the Lakotas and Tsistsistas, and has been traditionally used by these people for various religious ceremonies, including the Lakotas' Vision Quest, a ceremony which may last for several days. In recent years the state has developed the park by constructing roads, a machine shop, campgrounds, parking lots, wooden walkways on the Butte, and a visitors center. Most recently, the state has undertaken several construction projects including constructing an access road to and a parking lot near the area of the Butte traditionally used by the Indians as a ceremonial ground and campsite, relocating the maintenance shop, and repairing and resurfacing the main road into the park. In addition, the state requires that all persons entering the park register at the visitors center and that all persons wishing to camp at the park obtain a camping permit. The permit for ceremonial campers is free of charge and allows a ten day stay.

Appellants essentially maintain that the state's development, construction, and regulatory activities violate their constitutional and statutory religious rights in that (1) the development, construction, and resulting increase in tourist presence at the park have diminished the spiritual value of the Butte and have impaired religious ceremonies; (2) appellants' access to the traditional ceremonial grounds and their religious activities at other campsites were restricted during the state's construction activities; (3) registration and camping permit requirements impermissibly burden appellants' religions; (4) appellants have failed to control tourists disrupting appellants' religious practices at the Butte.

On June 18, 1982, pursuant to the agreement of the parties, trial on the merits was consolidated with the evidentiary hearing held on appellants' motion for a preliminary injunction, and the district court[2] considered the merits of the dispute on the parties' cross-motions for summary judgment.[3] The district court generally found that the plaintiffs had not shown that the defendants' development, construction and regulatory actions burdened plaintiffs' religious exercises in the Bear Butte area, and stated in summary that:

plaintiffs failed to establish any infringement of a constitutionally cognizable first amendment right. To the extent their right of access was temporarily restricted at the ceremonial grounds, this Court concludes that the plaintiffs' interests are outweighed by compelling state interests in preserving the environment and the resource from further decay and erosion, in protecting the health, safety, and welfare of park visitors, and in improving public access to this unique geological and historical landmark.

Crow v. Gullet, 541 F.Supp. 785, 794 (D.S.D. 1982).[4] The district court also concluded that even assuming that the American Indian Religious Freedom Act (42 U.S.C. § 1996), Article 18 of the Universal Declaration of Human Rights, and Article 18 of the International Covenant on Civil and Political Rights applied to the state in this case, these provisions did not establish any legal rights or causes of action beyond those recognized under the first amendment. See Crow v. Gullet, supra, 541 F.Supp. at 793–94. See also Hopi Indian Tribe v. Block, 8 I.L.R. 3073, 3076 (D.D.C.1981).

Accordingly, the district court granted defendants' motion for summary judgment as to all claims raised in plaintiffs' complaint. Before this court, appellants have essentially raised the same contentions made in the district court. We have carefully considered appellants' arguments, the

---

**2.** The Honorable Andrew W. Bogue, Chief Judge, United States District Court for the District of South Dakota.

**3.** See Crow v. Gullet, 541 F.Supp. 785, 788 (D.S.D.1982). Although the district court indicated that the merits were before the court on the parties' cross-motions for summary judgment, it is clear from the record and opinion in this case that in fact the court was entering a judgment for defendants after a stipulated trial on the merits. Thus, for purposes of appellate review the standard is that applicable to such judgments (i.e., the clearly erroneous doctrine), rather than the stringent standard of review applicable to summary judgment (viewing evidence in light most favorable to nonmoving party to determine if there is genuine issue of material fact). Cf. Toney v. Bergland, 645 F.2d 1063, 1066 (D.C.Cir.1981) (for purposes of appellate review, in some circumstances cross-motions for summary judgment may be treated as a mutual request for trial on a stipulated record).

**4.** See Badoni v. Higginson, 638 F.2d 172, 176–80 (10th Cir.1980) (denied relief to members of the Navajo tribe challenging, on first amendment free exercise grounds, the governmental regulatory and development activities at the Rainbow Bridge National Monument and Glen Canyon Dam), cert. denied, 452 U.S. 954, 101 S.Ct. 3099, 69 L.Ed.2d 965 (1981); Sequoyah v. TVA, 620 F.2d 1159, 1164–65 (6th Cir.) (rejected free exercise challenge by Cherokee Indians to the flooding of ceremonial grounds caused by the Tellico Dam), cert. denied, 449 U.S. 953, 101 S.Ct. 357, 66 L.Ed.2d 216 (1980); Northwest Indian Cemetery Protective Ass'n v. Peterson, 552 F.Supp. 951, 954 (N.D.Cal.1982) (road construction and accompanying intrusions into area sacred to several Indian tribes did not unlawfully burden Indian plaintiffs' free exercise rights). See also Inupiat Community of Artic Slope v. United States, 548 F.Supp. 182, 186–87 (D.Alaska 1982); Hopi Indian Tribe v. Block, 81 I.L.R. 3073 (D.D.C.1981).

record, and the district court opinion, and conclude that the court was neither clearly erroneous as to its factual determinations nor mistaken as to the law as it was applied to the facts. Accordingly, we affirm on the basis of the district court's opinion. *See* 8th Cir.R. 14.

